FEE PAID

FILED

2025 OCT 22 PM 2:35

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY: rsm

SHAULI BAR-ON (CA 356650)
sbar-on@susmangodfrey.com
STEVEN SHEPARD (*pro hac vice forthcoming*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

OLEG ELKHUNOVICH (CA 269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Verity Investigations, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>ex rel. VERITY INVESTIGATIONS, LLC,<br><br>Plaintiff/Relator,<br><br>vs.<br><br>MARKWINS BEAUTY BRANDS, INC.<br><br>Defendant. | Case No. 2:25-CV-10149-MEMF-KS<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729 et seq**<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**Jury Trial Demanded** |

# *QUI TAM* COMPLAINT

## I. INTRODUCTION

1. This is a *qui tam* case, filed on behalf of the federal government, seeking to recover over $2.0 million (plus mandatory trebling) that Defendant wrongfully obtained in the form of a federal guaranteed loan by falsely certifying that it had fewer than 300 employees and was not owned by an entity that has significant operations in China. That loan was later forgiven, and the federal government paid the bill.

2. The loan in question was provided by the Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP"). The PPP was created by Congress near the start of the COVID-19 epidemic in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in 2020, and then received additional funding ($284 billion) in December 2020 in the "Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act." 15 U.S.C. § 636(a)(37).

3. In early 2021, SBA authorized a second series of PPP loans, widely referred to as "Second Draw" PPP loans. This case involves a false application for a Second Draw PPP loan.

4. The Second Draw PPP loans were made available only to "small" businesses. The SBA established a clear, bright-line rule for who counted as "small." Applicants were required to certify, in their application, that they (both the applicant and its affiliates) collectively employed 300 or fewer persons.[1]

5. The Second Draw PPP loans created additional criteria that an entity with "significant operations" in the People's Republic of China could not own more than 20 percent of the small business applicant.

---

[1] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.

6. Defendant falsely certified to the SBA that (1) it and its affiliates had 219 employees and (2) that it was not a business concern owned or held by an entity with significant operations in China. As a direct result of those false statements, Defendant obtained a Second Draw PPP loan in the amount of $2,000,000, which was later forgiven.

7. Relator is an outside investigative company that detected Defendant's fraud by reviewing Defendant's affiliate's website information and other sources of information. Those sources demonstrate that Defendant and its affiliates had more than 300 employees during the relevant time period and had a parent with significant operations in China.

## II. THE PARTIES

8. Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

9. Defendant Markwins Beauty Brands, Inc. is a California corporation with its principal place of business in City of Industry, California.

## III. JURISDICTION AND VENUE

10. This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

11. Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

12. Venue is proper, and this Court has personal jurisdiction over Defendant, because Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV. THE FALSE CLAIMS ACT

13. The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

14. A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

15. Under the FCA, a claim includes a request for money. 31 U.S.C. § 3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

16. In 2009, Congress amended the FCA through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21 (May 20, 2009), making a defendant liable under the FCA when the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

17. Under the FCA, the terms "knowing" and "knowingly" mean that the defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).

18. No proof of specific intent to defraud the Government is required to show that a defendant acted knowingly under the FCA. 31 U.S.C. § 3729(b)(1)(B).

19. The terms "knowing," "knowingly," "knowledge," "knows," and "knew," as used in this Complaint, have the meaning ascribed to them by the FCA.

20. The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

21. The FCA broadly defines a "claim" as "any request or demand . . . for money or property" that: "(i) is presented to an officer, employee, or agent of the United States," or "(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or

demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

22. False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## V. NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE

23. On information and belief, no "public disclosure" has been made of Defendant's false statements and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

24. On information and belief, Defendant's fraudulent transaction has not been publicly disclosed in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

25. Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

26. Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transaction described herein. Among other things, Relator has "connected the dots" between (a) Defendant's and Defendant's affiliate's website information and other sources of information, and (b) Defendant's false certification for their Second Draw PPP loan.

27. Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

## VI. THE SECOND DRAW PPP LOAN PROGRAM

28. To be eligible for a Second Draw PPP loan, borrowers were required to meet three criteria: (1) have "[p]reviously received a First Draw PPP Loan," (2) "[have] no more than 300 employees," and (3) be able to "demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020."[2] 15 U.S.C. § 636(a)(37)(A)(iv).

29. The SBA's website explained the 300-limit to borrowers. This was explained in an overview page of the website[3] and in the online "Frequently Asked Questions" document available on the website.[4]

30. The SBA's FAQ document stated that this limit was "narrower" than the prior 500-employee limit for the earlier First Draw PPP loans.[5]

31. The SBA's FAQ document warned borrowers that, unlike with the First Draw PPP loans, borrowers would not be allowed to qualify using "SBA's [other] established size standards (either revenue-based or employee-based) or the alternative size standard."[6]

32. The SBA required borrowers to submit a borrower application Form (SBA Form 2483-SD) to a federally insured bank or similar credit institution, which would process the loan application and fund the loan.

33. The SBA Form 2483-SD required the borrower to state the "Number of Employees (including affiliates, if applicable)."

---

[2] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.
[3] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://perma.cc/R74F-68UQ?type=image (as of March 2021).
[4] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders (as of March 3, 2021).
[5] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders at 29 (as of March 3, 2021).
[6] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.

34. The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant, together with its affiliates (if applicable) . . . employs no more than 300 employees."

35. For the Second Draw PPP loans, Congress stated that "eligible entity . . . does not include . . . any business concern or entity for which an entity . . . that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership." 15 U.S.C. § 636(a)(37)(A)(iv)(III)(cc)(AA).

36. The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

37. The SBA Form 2483-SD also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

38. The SBA guaranteed 100% of the outstanding balance of Defendant's Second Draw PPP loan. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

## VII. DEFENDANT FALSELY CERTIFIED TO THE SBA ITS COMPLIANCE WITH THE SECOND DRAW PPP LOAN SIZE REQUIREMENTS

### A. Background: Defendant and Its Affiliates

39. Defendant Markwins Beauty Brands, Inc. ("MBB") is a California corporation with its principal place of business in City of Industry, California.[7]

40. MBB can be validly served with process at 22067 Ferrero Parkway, City of Industry, CA 91789.[8]

41. MBB is part of the corporate family of Markwins International Corporation ("Markwins International").[9] MBB and Markwins International share an address, located at 22067 Ferrero Parkway, City of Industry, CA 91789, which serves as the global headquarters of Markwin International's corporate family.[10]

42. Markwins International is a global leader in the production of color cosmetics, cosmetic accessories, and beauty collections.[11] Markwins International's brand portfolio includes wet n wild, Physicians Formula, The Color Workshop, The Color Institute, Black Radiance, POP, Bonne Belle, Lip Smacker, etc.[12] Markwins International's products are sold in more than 50,000 retail outlets across more than 60 countries.[13]

43. On August 7, 2021, Markwins International's website listed the corporate family of Markwins International, including:[14]

---

[7] MBB's LinkedIn – About, https://www.linkedin.com/company/markwinsbeautybrands/about/.
[8] California, Secretary of State, Markwins Beauty Brands, Inc., https://bizfileonline.sos.ca.gov/search/business.
[9] Markwins International's Website – Locations, https://web.archive.org/web/20210807002358/https://www.markwinsbeauty.com/about/our-global-footprint/ (August 7, 2021, Wayback Machine).
[10] Markwins International's Website – Locations, https://web.archive.org/web/20210807002358/https://www.markwinsbeauty.com/about/our-global-footprint/ (August 7, 2021, Wayback Machine).
[11] MBB's LinkedIn – About, https://www.linkedin.com/company/markwinsbeautybrands/about/.
[12] MBB's LinkedIn – About, https://www.linkedin.com/company/markwinsbeautybrands/about/.
[13] MBB's LinkedIn – About, https://www.linkedin.com/company/markwinsbeautybrands/about/.
[14] Markwins International's Website – Locations, https://web.archive.org/web/20210807002358/https://www.markwinsbeauty.com/about/our-global-footprint/ (August 7, 2021, Wayback Machine).

i. Markwins Beauty Brands, Inc., located in City of Industry, California;

ii. Lina Gale Inc., located in City of Industry, California;

iii. Markwins Canada Corporation, located in Ontario, Canada;

iv. Lina Gale Inc. (BAJA FUR, S.A. DE C.V.), located in Tijuana, Mexico;

v. LORAC, located in Los Angeles, California;

vi. Markwins Beauty Brands Int. Ltd. UK, located in Hampshire, Great Britain;

vii. Markwins Beauty Brands Int. Ltd. Spain, located in Madrid, Spain;

viii. Markwins Beauty Brands Int. Italy, located in Milan, Italy;

ix. Markwins Beauty Brands Int. Ltd. France, located in Issy-les-Moulineaux, France;

x. Markwins Logistic Europe, S.L.U., located in Montornes Del Valles, Spain; and

xi. Markwins Beauty Brands Asia Pacific Ltd., located in Hong Kong, China.

44. D&B Hoovers lists the corporate family of MBB, including:[15]

i. Physicians Formula Holdings, Inc., located in Walnut, California;

ii. Physicians Formula, Inc., located in City of Industry, California;

iii. Physicians Formula Cosmetics, Inc., located in City of Industry, California;

iv. Markwins International Corporation Limited, located in Hong Kong, China;

v. Sunny Beauty Science (Shanghai) Co., Limited, located in Shanghai, China;

vi. Meibinfen Brand Name Management (Shanghai) Co., Ltd., located in Shanghai, China;

vii. Markwins Beauty Products, Inc., located in City of Industry, California;

viii. Markwins Beauty Brands International Limited, located in London, United Kingdom;

[15] D&B Hoovers – Markwins Beauty Brands, Inc., https://app.dnbhoovers.com/company/d4e8db2b-2709-3b39-a9bf-0937d185b8d9#report/company_corporate_family.

ix. Markwins Logistics Europe SL, located in Montornes Del Valles, Spain;

x. Embb Empeak Markwins Beauty Brands GmbH, located in München, Germany;

xi. Markwins International GmbH, located in Wiesbaden, Germany;

xii. MBP Markwins Beauty Products Italy SRL, located in Milano, Italy; and

xiii. Markwins Canada Corporation, located in Ontario, Canada.

45. On information and belief, Defendant MBB, and the other entities listed in ¶ 43 and ¶ 44, *supra*, qualify as "affiliates" for purposes of the PPP Loan program under one or more of the alternative definitions provided in 13 C.F.R. § 121.301(f).

**B. MBB's False Statement To Obtain a Second Draw PPP Loan**

46. In 2020, MBB submitted a borrower application for a First Draw PPP loan in the amount of $5,075,585 by lender JPMorgan Chase Bank NA.

47. On or about June 11, 2021, the U.S. government forgave 100% of MBB's First Draw PPP loan, plus interest, in the amount of $5,134,444.87.

48. In 2021, MBB applied for a Second Draw PPP loan.

49. MBB submitted its borrower application form, SBA Form 2483-SD, to JPMorgan Chase Bank NA at 1111 Polaris Pkwy., Columbus, OH 43240.

50. In its Form 2483-SD, MBB listed its address as 22067 Ferrero Parkway, City of Industry, CA 91789.

51. In its SBA Form 2483-SD, MBB represented that it and its affiliates had 219 employees—under the 300-employee limit needed to be eligible to apply.

52. MBB's representation in SBA Form 2483-SD regarding the total number of its and its affiliates' employees was false. MBB and its affiliates had far more than 300 employees in each of 2019, 2020 and 2021.

53. MBB deliberately ignored the fact that the total number of its and its affiliates' employees numbered in excess of the 300-employee limit for obtaining a Second Draw PPP loan. MBB signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

54. Defendant also certified in SBA Form 2483-SD that it was "not a business concern or entity (a) for which an entity . . . that has significant operations in the People's Republic of China . . . owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity . . . ."

55. Defendant's certification in SBA Form 2483-SD that it was not a business concern owned or held by an entity that has "significant operations" in China was false. Defendant's parent company has significant operations in China.

56. Defendant deliberately ignored the fact that its parent company has significant operations in China that made Defendant ineligible for a Second Draw PPP loan. Defendant signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

57. On or about March 23, 2021, MBB was approved for a Second Draw PPP loan in the amount of $2,000,000 by lender JPMorgan Chase Bank NA.

58. The U.S. government paid lender JPMorgan Chase Bank NA a lender's processing fee of 1% of the $2,000,000 loan, in the amount of $20,000.[16]

59. On or about October 29, 2021, the U.S. government forgave 100% of MBB's Second Draw PPP loan, plus interest, in the amount of $2,011,868.89.

**C. Evidence of Number of Employees**

60. In its SBA Form 2483-SD, a company must include "the employees of its domestic and foreign affiliates" in calculating its number of employees. *See* 13 C.F.R. § 121.106(b)(1).

---

16 Paycheck Protection Program (PPP) Information Sheet: Lenders, https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

61. A PR Newswire press release, titled *Markwins Appoints Eric Weeks to President of Sales for North America*, dated November 19, 2020, indicates that Defendant's corporate group collectively had over 5,000 employees.[17]

62. A Yahoo press release, titled *Eric Sung-Tsei Chen, Markwins Beauty Brands Founder and CEO, Dies at 63*, dated August 27, 2021, indicates that Defendant's corporate group collectively had more than 5,000 employees in 2021.[18]

63. If Defendant MBB had counted its affiliates' employees in their Second Draw PPP loan application, they would have reported far more than 300 employees.

64. On information and belief, Defendant's and its affiliates' payroll records from 2019, 2020, and 2021 will confirm what Defendant always knew—that Defendant and its affiliates collectively employed well over 300 employees throughout the time period 2019–2021.

**D. Evidence of Significant Operations in China**

65. Defendant is part of the corporate family of Markwins International.

66. Numerous entities, based out of Hong Kong and Shanghai, China, are part of Markwins International's corporate family, as listed in ¶ 43 and ¶ 44, *supra*, including:

i. Markwins Beauty Brands Asia Pacific Ltd., located in Hong Kong, China;

ii. Markwins International Corporation Limited, located in Hong Kong, China;

iii. Sunny Beauty Science (Shanghai) Co., Limited, located in Shanghai, China; and

iv. Meibinfen Brand Name Management (Shanghai) Co., Ltd., located in Shanghai, China.

---

[17] PR Newswire, *Markwins Appoints Eric Weeks to President of Sales for North America*, November 19, 2020, available at https://www.prnewswire.com/news-releases/markwins-appoints-eric-weeks-to-president-of-sales-for-north-america-301176674.html.

[18] Yahoo, Ryma Chikhoune, *Eric Sung-Tsei Chen, Markwins Beauty Brands Founder and CEO, Dies at 63*, August 27, 2021, available at https://www.yahoo.com/lifestyle/eric-sung-tsei-chen-markwins-191629966.html?guccounter=1.

67. Markwins International's website indicates that Markwins International has an international headquarters location in Hong Kong, China and manufacturing centers in Shanghai and Shenzhen, China.[19]

68. On August 7, 2021, Markwins International's website indicated that Markwins International had a 2.2 million square foot facility, located in Shenzhen, China, constructed in 2003.[20] On or around August 7, 2021, Markwins International had 1,550 employees working in their Shenzhen facility.[21]

69. Thus, Defendant's parent has significant operations in China, thereby disqualifying Defendant from the Second Draw PPP loan program.

**FIRST CAUSE OF ACTION**

**Submitting False Claims for Payment**
**31 U.S.C. § 3729(a)(1)(A)**

70. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

71. The Defendant violated 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and/or causing to be presented to the lender claims for approval of a Second Draw PPP loan.

72. Defendant's knowingly false claims in its SBA Form 2483-SD were material to the lender's decisions to issue the Second Draw PPP loan and were material to the SBA's decisions to forgive that loan and repay the lender.

73. But for Defendant's knowingly false claims, the lender would not have issued the loan, and the SBA would not have forgiven it.

---

[19] Markwins International's Website – Our Global Footprint, https://www.markwinsbeauty.com/pages/our-global-footprint.
[20] Markwins International's Website – Our Global Footprint, https://web.archive.org/web/20210807002358/https://www.markwinsbeauty.com/about/our-global-footprint/ (August 7, 2021, Wayback Machine).
[21] Markwins International's Website – Our Global Footprint, https://web.archive.org/web/20210807002358/https://www.markwinsbeauty.com/about/our-global-footprint/ (August 7, 2021, Wayback Machine).

74. The Second Draw PPP loan that Defendant obtained was money that was intended by the Government to be spent or used to advance the Government's program and interest in assisting qualified and eligible small businesses to survive the COVID-19 epidemic and to continue to employ its workers.

75. The Second Draw PPP loan that Defendant obtained was money that the Government effectively and in practice provided to the lender, by means of the Government's 100% guarantee to the lender of repayment by the Government in the case of default by the borrower.

76. The Government later reimbursed the lender 100% of the amount of Defendant's Second Draw PPP loan, with interest.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

77. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

78. The Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made false records and statements—namely, their SBA Form 2483-SD and their included certifications—to support false claims submitted to the lender for approval of a Second Draw PPP loan.

79. The Defendant's knowingly false records and statements were material to the lender's decisions to issue the Second Draw PPP loan and were material to the SBA's decision to forgive that loan and repay the lender.

80. But for Defendant's knowingly false records and statements, the lender would not have issued the loan, and the SBA would not have forgiven it.

## THIRD CAUSE OF ACTION

### Improperly Avoiding an Obligation to Pay or Transmit Money 31 U.S.C. § 3729 (a)(1)(G)

81. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

82. Defendant violated 31 U.S.C. § 3729(a)(1)(G) by knowingly and improperly avoiding Defendant's obligation to pay or transmit money to the SBA—namely, the money Defendant received from the SBA in forgiveness for Defendant's Second Draw PPP loan.

83. Defendant knew it improperly received money from the SBA when the SBA forgave Defendant's Second Draw PPP loan.

84. Defendant had an obligation to pay back the SBA the full amount Defendant received in forgiveness of the Second Draw PPP loan.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests judgment against Defendant for: (i) three times the amount of damages that the United States has sustained (including the full amount of the forgiven Second Draw PPP loan and interest thereon, plus all processing fees paid by the Government); (ii) the maximum civil penalties allowed by law; (iii) an award to Relator for the maximum allowed under 31 U.S.C. § 3730(d); (iv) an award of attorney's fees, costs, and expenses; (v) interest as provided by law; and (vi) any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: October 22, 2025

Respectfully submitted.

By: [signature]
SHAULI BAR-ON (CA 356650)

STEVEN SHEPARD (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sbar-on@susmangodfrey.com
sshepard@susmangodfrey.com

OLEG ELKHUNOVICH (CA 269238)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
oelkhunovich@susmangodfrey.com

*Attorneys for Plaintiff Verity Investigations, LLC*